H. F. JOHNSON, INC., ET AL., APPELLANTS, *v.* BOARD OF RAILROAD COM'RS. OF MONTANA, ET AL., RESPONDENTS.

No. 9352.

Submitted March 11, 1954. Decided May 20, 1954.

270 Pac. (2d) 990.

Messrs. Swanberg and Swanberg, Great Falls, Messrs. Hoiness and Anderson, Billings, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mrs. Vera Jean Heckathorn, Asst. Atty. Gen., Mr. C. W. Leaphart, Jr., Asst. Atty. Gen., Mr. John H. Risken, Sp. Asst. Atty. Gen., for Board of Railroad Commissioners.

Mr. Thomas C. Colton, Mr. Joseph F. Meglen, Billings, for F. L. Jones, Inc.

Mr. Randall Swanberg, Mr. Jerome Anderson, Mr. Risken, Mr. Meglen and Mr. Colton argued orally.

MR. JUSTICE FREEBOURN:

This is an appeal from a judgment of the district court of the thirteenth judicial district of the State of Montana, in and for the County of Yellowstone, affirming an order of the board of railroad commissioners of the State of Montana, which granted to defendant, E. L. Jones, Inc., a corporation, a certificate of public convenience and necessity authorizing the transportation by E. L. Jones, Inc., of petroleum products in bulk as a class B carrier.

Plaintiffs and appellants were protestants to the issuance of

such certificate of public convenience and necessity and brought the district court action, which is appealed here, to annul, vacate and set aside such order and certificate.

The complaint alleged that the plaintiffs were transporting petroleum products, in bulk, by virtue of certificates of public convenience and necessity issued by the state board of railroad commissioners, and appeared as protestants to the granting of the certificate of convenience and necessity to defendant, Jones, Inc.; that the decision and order granting such certificate was illegal and void; that the board acted capriciously and arbitrarily in issuing such certificate for which there was no need; and that plaintiffs were damaged thereby. The prayer asked that such certificate be annulled and set aside and that the defendants be restrained and enjoined from enforcing or operating under such certificate or order granting it.

The answer of defendants put in issue the allegations of the complaint and alleged the evidence warranted the issuance to Jones, Inc., of the certificate of public convenience and necessity.

Counsel for plaintiffs and defendants, on October 9, 1951, by written stipulation, agreed "that the above entitled cause may be and the same is hereby submitted to the above entitled court [district court] for final decision and determination upon the records and files in the cause and upon the following records, files, documents, and papers, to-wit:

"1. Original transcript, including all exhibits, in Montana Railroad Commission Docket No. MC-828, in the matter of the application of E. L. Jones, Inc., 401-405 North 17th Street, Billings, Montana, for a certificate of public convenience and necessity.

"2. Certified copy of Order No. 986 in Docket No. MC-828, Montana Railroad Commission.

"3. Certified copy of rules and regulations approved and adopted by the Board of Railroad Commissioners of the State of Montana under its General Order No. M. V. No. 11 of June 1, 1948, and effective June 15, 1948. * * *''

On April 4, 1953, the trial judge filed findings of fact and conclusions of law.

In its findings of fact the district court found that at the hearing on the application of Jones, Inc., for a certificate of public convenience and necessity, "legal and competent evidence was produced in support of the granting of said application, and likewise, legal and competent evidence was produced in opposition to the granting of said application; that there was before the Board at the time of its decision, evidence sufficient in strength and character, and under the laws of this State and the rules under which said Board operates, competent and admissible, which would have authorized said Board to either grant or deny said application; that said Board of Railroad Commissioners exercised its discretion in said cause by granting said application; that said record of the proceedings before the Board disclosed that facts proved at the hearing of said cause *was* sufficient to give the Board jurisdiction to act in the manner and form they did."

By judgment, filed April 8, 1953, the trial judge "ordered, adjudged and decreed: 1. That Order No. 986 of the Board of Railroad Commissioners of the State of Montana granting to the defendant E. L. Jones, Inc., a corporation, a certificate of public convenience and necessity authorizing the transportation by E. L. Jones, Inc., of petroleum and petroleum products, in bulk, as a Class B carrier, within the City of Billings, Montana, and between Billings and East Billings and all points in the State of Montana, by motor vehicle, is fully sustained by competent and credible evidence. * * *''

It appears from the evidence that E. L. Jones, Inc., is one of the oldest haulers of petroleum products in eastern Montana, having hauled since 1936, and has been hauling refined products in eastern Montana, and petroleum products from Wyoming into Montana. For several years he has leased a number of trucks and trailers to the plaintiffs and, from the evidence, at least in part, he did the actual hauling under such leases. His evidence shows his ability to satisfactorily truck petroleum in bulk.

The notice of the hearing upon the application for such certificate, as published by the board before the hearing, recites: "It shall be competent at said public hearing for the applicant or protestants to prove the existence or non-existence of public convenience and necessity by oral evidence or by deposition or affidavit." Pursuant to such notice the applicant placed in evidence at said hearing affidavits by T. J. Landry, Flathead County; Charles C. Cassidy, Rosebud County; S. N. Halvorson, Flathead County; O. L. Chapman, Richland County; Mrs. Bernard Dempewolf, Dawson County; Roy L. Edsall, Jr., Garfield County; H. L. Elery, Yellowstone County; Norman Hazlewood, Wibaux County; Oris Hatchir, Custer County; P. A. Hoovestal, Treasure County; E. J. Rhyneer, Stillwater County; Harlie L. Brown, Big Horn County; John T. Sundt, Rosebud County; Newt Ingersoll, Musselshell County; Victor East, Rosebud County; V. E. Coffman, Fergus County; Leonard Miller, Yellowstone County; H. J. Zent, Yellowstone County; D. E. Fuhrman, Gallatin County; Ralph C. Fisher, Missoula County; C. A. Buckingham, Powell County; W. E. Purvience, Missoula County; J. H. Rothrock, Yellowstone County; Ed. Rice, Jefferson County; Joe Wm. Aafedt, Cascade County; Leonard Newgard, Lake County; Emmett Gilbert, Missoula County; C. W. Hart, Missoula County; L. B. Waddingham, Yellowstone County; L. P. Gunter, Missoula County; and M. Levine, Rapid City, South Dakota.

All of these affidavits show: "That E. L. Jones has been hauling refined petroleum products for [your affiant]; that he has done an excellent job and his services have been highly satisfactory; * * * that there is a definite and real need of Jones' equipment * * * and * * * that the issuance of the permit by the Board would serve the public convenience and necessity * * *"

E. L. Jones testified: "Q. If the Board grants you this permit would you be taking away any business from the railroads they have at this time? A. No. Q. In other words, what you are trying to do is haul what you are hauling under lease now? A. Yes."

Witness T. R. Bailey testified he was sales manager of the Inland Supply Company of Billings, ''chiefly marketing refined petroleum products * * * selling to approximately 16 independent dealers throughout the state and gasoline co-op * * * dealers operating bulk plants or service stations * * *''. He submitted a list of 58 cities and towns in Montana, ''where gas co-op is or has operated stations * * * since the gas co-op was created.'' He said E. L. Jones was hauling for such co-ops now and his hauling was satisfactory and that Jones had equipment to haul in 3,500 gallon loads to dealers with small storage. He testified on cross-examination: ''If you call an outside trucker you have to take in most cases 5000 gallons which our dealers are in no position to do or you have to pay for 5000 gallon load if they load the rest and it is prohibitive. * * * there is necessity but nobody with a permit to haul. Q. Bice has. A. Providing they haul 5000 gallon load which they are not in a position to do [accept]. * * * As has been testified we have had sufficient supply at Badger Basin [Wyoming], but that production has now decreased to a point that they can't supply us [oil which Jones trucked into Montana from Badger Basin fell from 1200 barrels a day to 170]. This is a situation that has arisen in 1951. * * * We are hauling to Missoula from Badger Basin. * * * We have a need for the service [Jones'], yes, in quantities smaller than permits now are allowed to be hauled. * * * The cost now is prohibitive * * * Q. * * * Now then if other carriers are available who charge the rates that are on file, why don't you use them? A. Because the minimum loads are beyond us. * * * It is very important to us [that Jones receives the certificate] * * * We know Jones' service is satisfactory * * * Yes, I think there is necessity for it. * * * I will answer again. * * * First of all, Mr. Jones hauled all of our products since 1946 very satisfactorily, one reason we would like to continue his service. He has obtained equipment especially for us in size compartments and size trucks we need at our service stations. Another reason, it appears there isn't anybody else that is capable with the amount

equipment they have now to haul all of our products if Jones did not have a permit * * *".

Carl Gallagher, who was in the gasoline and tire business in Billings, testified that he used one million gallons of gas a year, which Jones hauled: "Q. Mr. Jones does the hauling in your business? A. That's right. * * * The only dealings we ever have is with Jones. It is billed through Bice Truck Lines [one of plaintiffs]."

J. A. Curry, traffic manager for Bice Truck Lines, called by the protestants, testified: "Q. If you hauled for Inland Supply [which supplied the co-ops] you would base your charges on a minimum haul of 5000 gallons, wouldn't you, whether you haul 5000 or 3500? A. That's right. Q. Charge for 5000 if you only took 3500? A. Yes."

J. W. Fry, a partner in the Bice Truck Lines and called by protestants, in explaining the leasing of eight of Jones' trucks, testified:

"Q. Nevertheless you did get Jones' trucks, answer yes or no? A. Yes.

"Q. Then you used them pretty steady in April, May, June, July, August, September, October, November, December and on into this year, about the same amount of business? A. That is true. * * *

"Q. * * * If you could handle the business you would not lease trucks? A. No. * * * We would never have taken the Sunburst haul had it not been for Jones.

"Q. You have equipment to haul it yourself? A. We did not."

John Rice, operating as the Rice Truck Lines, called by protestants, testified: He had 24 hauling units, 10 of which he leased. "* * * He [Jones] hauled principally crude oil, some gasoline, but the bulk was crude oil. * * * well over 700 [loads] of this crude [this year]. * * * Q. You don't have any crude oil trucks? A. No, not at present." Jones hauled 321 loads of crude oil in 1950. "Sure, we gave him the business because we needed his equipment * * *"

H. F. Johnson, Inc., according to John M. Evans its general manager, leased at least eight trucks in addition to their own. "Q. Now, these 8 lessors they haul for you the year around don't they? A. Yes. Q. You need your lessors for the complete year? A. We need the ones we have now or others we could lease, yes sir."

R. C. M. 1947, sec. 8-111, in part provides: "If after hearing upon application for a certificate [of public convenience and necessity], the board shall find, from the evidence, that public convenience and necessity require the authorization of the service proposed, or any part thereof as the board shall determine, a certificate therefor shall be issued."

Following the hearing before it and pursuant to section 8-111 above, the board of railroad commissioners, on August 6, 1951, made order No. 986 in part as follows: "* * * the Board after due consideration and being fully advised in the premises, has found from the evidence introduced at said hearing, after taking all the facts and circumstances relating to said application into consideration that public convenience and necessity does require the authorization of transportation proposed by said applicant, insofar as herein authorized.

"Now Therefore, it is hereby ordered by the Board that E. L. Jones, Inc., Billings, Montana, * * * be granted the right to an intrastate certificate of public convenience and necessity authorizing the transportation of petroleum and petroleum products, in bulk, as a Class B Carrier, within the City of Billings, Montana and between Billings and East Billings and all points in the State of Montana, by motor vehicle."

In making such order and granting such certificate of public convenience and necessity the board of railroad commissioners did not act arbitrarily or capriciously. Under the evidence before it such action of the board was within the scope of its authority and discretion.

The district court was correct in holding by its judgment that the order granting such certificate "is fully sustained by competent and credible evidence."

For the reasons stated the judgment of the district court is affirmed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES BOTTOMLY, ANGSTMAN, and ANDERSON, concur.